J. Erb, Defendant in Error, v. The Western Union Telegraph Company, Plaintiff in Error.

Gen. No. 15,642.

DAMAGES—*what may be recovered for failure to deliver cablegram.* In an action to recover for failure to deliver a cablegram, only such damages as may reasonably be expected to have been in the contemplation of both parties at the time the contract was made, may be recovered.

Erb v. Western U. Tel. Co., 162 Ill. App. 494.

Error to the Municipal Court of Chicago; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with findings of fact. Opinion filed June 16, 1911.

WEST, ECKHART & TAYLOR, for plaintiff in error.

J. ERB and JOHN P. KLEIN, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

In the 1900 issue of the International Cable Directory Company's book, known as "Western Union Telegraphic Code," the address of the defendant in error was inserted as "ERB." Subsequent editions did not contain it. The record does not disclose what the relation between the Western Union Telegraph Company and the directory company is. It seems, however, that cablegrams were sent at different times to Mr. Erb, and received by him. In 1908 Mr. Erb, who is an attorney, was in Paris, and desiring to communicate with the gentleman in charge of his office in Chicago, did so by a cablegram, which was written in cipher, and addressed to "ERB," Chicago. It appears that at that time "ERB" was also the cable address of another attorney well known in Chicago, and the cablegram was delivered at his office instead of that of Mr. Erb.

Suit was brought by the defendant in error for damages on account of the non-delivery. The measure of damages claimed is best stated in the colloquy between Mr. Erb and the court below, as it appears in the record:

"Mr. Erb. I testified that for 30 days I spent five or six dollars a day more than I would have if I had been with Mrs. Erb in Paris.

"The Court. But that is not certain enough. How much are you claiming on that item?

"Mr. Erb. Five or six dollars a day for thirty days.

"The Court. That would be about $150 to $180. Well I will allow you $50. There will be a finding for the plaintiff for $50."

Judgment was entered for the plaintiff for $50, which we are asked to reverse on two grounds: First, that when telegrams or cablegrams are sent in cipher there can be recovery only for a nominal amount, not to exceed the amount paid for sending the message. The second ground for reversal is stated to be that there is no testimony in the record which justifies the judgment, so far as the amount is concerned, even if it is held that there is no merit in the first ground urged; the plaintiff in error insisting that the judgment should have been for the amount paid for the message, to wit, $2.40.

The case must be reversed. We prefer to place the reason for reversal upon the second ground, although it would seem to be warranted on the first ground suggested. Primrose v. Western Union Telegraph Co., 154 U. S. 1.

Practically the only evidence in the record as to the extent of damages is what is quoted above. It is true Mr. Erb testified that he waited in Paris some time for an answer to his message, that his return by himself put him to an extra expense of somewhere in the neighborhood of $150 or $200. He accounts for his extra expense by the statement that in Paris "with the room at the hotel, it is practically the same for two as for one; it is in that way, being obliged to leave there and come back here and incur separate expenses on my own account from here, that this element of damage intervenes."

In our opinion, these damages are not such as may reasonably be supposed to have been in the contemplation of both parties at the time the contract was made, as the probable result of the breach of it. They are therefore not recoverable. (Hadley v. Baxendale, 9 Exch. 341). We think the amount recovered should have been limited to the sum paid by the defendant in error for the transmission of the despatch. The case therefore will be reversed and a judgment entered in this court in favor of the defendant in error, J. Erb, and against the plaintiff in error, The Western Union Telegraph Company, for the sum of $2.40, on a finding of fact.

*Reversed with finding of fact and judgment entered.*